FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

05 OCT 25 PM 2:12

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DERRICK ISSAC, | ) | CASE NO. CI-05-4115 |
| | ) | |
| Plaintiff, | ) | 8:05cv492 |
| | ) | |
| v. | ) | **NOTICE OF REMOVAL** |
| | ) | |
| VALMONT INDUSTRIES, INC., dba | ) | |
| CENTRAL NEBRASKA TUBING, | ) | |
| | ) | |
| Defendant. | ) | |

Pursuant to 28 U.S.C. § 1441. *et seq.*, the Defendant, Valmont Industries, Inc., dba Central Nebraska Tubing ("Valmont Industries"), files this, its Notice of Removal, and states:

1. At all times material hereto, Valmont Industries, Inc. was a corporation organized and existing pursuant to the laws of the State of Delaware, with its principal place of business in Omaha, Nebraska.

2. On September 30, 2005, Plaintiff, Derrick Issac, commenced a civil action against the Defendant, Valmont Industries, in the District Court of Lancaster County, Nebraska, captioned <u>Derrick Issac v. Valmont Industries, Inc., dba Central Nebraska Tubing,</u> Case No. CI 05-4115.

3. A copy of the Complaint and Summons were served on the Defendant on or about October 6, 2005, and are attached hereto as Exhibit A.

4. Removal of this action is appropriate on the grounds that a federal question exists. The statutes alleged to have been violated include Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, 42 U.S.C. § 1981, and Nebraska State Statute 20-148.

5. This Court has original jurisdiction of the case because of claims arising pursuant to the laws of the United States under 28 U.S.C. § 1331, 1343 and 42 U.S.C. § 2000e-5(f)(3). Accordingly, this matter is properly removable to this Court pursuant to 28 U.S.C. § 1441(b) and (c).

6. Simultaneous with the filing of this Notice of Removal, Defendant has notified the District Court of Lancaster County, Nebraska of the removal of this action and a copy of the Notice of Filing of Notice of Removal is attached as Exhibit B. No other process, pleading, or orders have been served or filed herein.

WHEREFORE, Defendant requests that the above-entitled action now pending against it in the District Court of Lancaster County, Nebraska, be removed to this Court for trial in Omaha, Nebraska.

Dated this 26th day of October 2005.

                         VALMONT INDUSTRIES, INC., dba
                         CENTRAL NEBRASKA TUBING,
                         Defendant.

By: _____
     Eric W. Tiritilli, NE #22727

McGrath North Mullin & Kratz, PC LLO
Suite 3700 First National Tower
1601 Dodge St.
   Omaha, Nebraska 68102
(402) 341-3070
(402) 341-0216 FAX
etiritilli@mnmk.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served on the following listed below by United States mail, postage prepaid, this 26th day of October 2005.

    Douglas J. Peterson
    530 South 13th, Suite 100
    Lincoln, NE 68508

_____
Eric W. Tiritilli

2

```
                                                   Doc. No.   154715
        IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
              575 S. 10th Street - 3rd Floor
              SEPARATE JUVENILE COURT-4th Floor
              Lincoln              NE 68508
                          SUMMONS
```

Derrick Issac v. Valmont Industries Inc

Case ID: CI 05   4115

TO:  Valmont Industries Inc

You have been sued by the following plaintiff(s):

    Derrick Issac

Plaintiff's Attorney:   Douglas J Peterson
Address:   530 S. 13th, Suite 100
   Lincoln, NE 68508

Telephone:   (402) 475-8230

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties within 30 days of service of the complaint/petition and filed with the office of the clerk of the court within a reasonable time after service. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Date:  OCTOBER 3, 2005   BY THE COURT: *Sherri Morrison*, DEPUTY
   Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

   Valmont Industries Inc
   P. Thomas Pogge
   One Valmont Plaza
   Omaha, NE 68154

Method of service:  Certified Mail

You are directed to make such service within twenty days after date of issue, and show proof of service as provided by law.



EXHIBIT A



# IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA

| | |
|---|---|
| DERRICK ISSAC, | Case No. CI 05-4115 |
| Plaintiff | |
| vs. | **COMPLAINT AND REQUEST FOR JURY TRIAL, AND PRAECIPE** |
| VALMONT INDUSTRIES, INC d/b/a CENTRAL NEBRASKA TUBING, | This is a COPY Original filed by the CLERK DISTRICT COURT of Lancaster County, NE on SEP 3 0 2005 |
| Defendant | |

COMES NOW the Plaintiff, by and through his attorney, and for his causes of action against the Defendant states as follows:

1. This is an action seeking redress for the violation of the rights guaranteed to the plaintiff by 42 U.S.C. § 2000(e) et.seq. of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 (Title VII), 42 U.S.C. §1981, the Nebraska Fair Employment Practices Act, Neb.Rev.Stat. § 48-1114 and Neb.Rev.Stat. § 20-148.

2. Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 2000(e), as amended, (Title VII), 42 U.S.C. § 1981, Title 28 U.S.C. 1331, 1343, 2201 and 2202, the Nebraska Fair Employment Practices Act and Neb.Rev.Stat. § 20-148.

3. Plaintiff filed a complaint with the Nebraska Equal Opportunity Commission and the United Stated Equal Opportunity Commission with respect to the allegations set forth herein as well as other allegations. This action has been timely filed in accordance with the state and federal law.

4. At all times relevant, the African American plaintiff was a resident of the County of Lancaster, State of Nebraska.

5. At all times relevant, the Defendant Valmont Industries, Inc. d/b/a Central Nebraska Tubing, was a corporation licensed to do business and was doing business in the State of Nebraska. The defendant is an employer within the meaning of Title VII and NFEPA as the Defendant employed fifteen or more employees for twenty or more consecutive weeks at all times alleged herein and were engaged in an industry affecting commerce. The defendant is properly named within the meaning of 42 U.S.C. § 1981 as they are engaged in an industry affecting commerce and employed the defendant at all times herein.

6. All unlawful acts alleged herein occurred within the State of Nebraska.

7. In July 2003, Plaintiff began employment with the defendant on a temporary part-time basis as a bundler through the employment agency, Work-A-While.

8. Plaintiff began working as a full time bundler for the defendant on December 14, 2003 until May 18, 2004.

9. During the course of his employment with the defendant, Plaintiff was subjected to a racially hostile work environment, was frequently referred to

by co-employees and managers in racially derogatory terms, was subjected to adverse terms, conditions and privileges of employment than white employees, and was terminated due to his race and was retaliated against after he engaged in a protected activity.

10. After being subjected to racially offensive conduct and on the job treatment, Plaintiff was terminated without cause. A motivating factor in the decision to terminate the plaintiff was his race.

11. Non African-American employees and employees who had not engaged in protected activity were treated in a much more favorable manner than the plaintiff. The unlawful conduct was sufficiently patterned and pervasive to constitute a racially hostile work environment.

12. All of the aforementioned illegal actions were done while the Defendant's employees, supervisors, agents and/or management level employees were acting in the scope and course of their employment with the defendant.

13. At all times relevant, Defendant was aware of its duty and obligations under the aforementioned statutes. The defendant's conduct was willful.

## COUNT I

### RACIALLY HOSTILE WORK ENVIRONMENT

Plaintiff incorporates paragraphs 1 – 13 as if fully set forth herein.

14. Plaintiff was subjected to a racially hostile work environment, was subjected to adverse terms, conditions, and privileges of employment. Said conduct is in violation of Title VII of the Civil Rights Act.

15. As a direct, proximate result of the defendant's aforementioned illegal conduct, Plaintiff has suffered actual compensatory damages, lost wages, loss of future income and fringe benefits, the total sum of which will be specifically pleaded when ascertained.

16. Defendant's actions were done willfully and/or with malice and/or with reckless indifference to both state and federally protected rights of the Plaintiff. Punitive damages are appropriate.

## COUNT II

### SECTION 1981

Plaintiff incorporates paragraphs 1 – 16 as if fully set forth herein.

17. Plaintiff was subjected to a racially hostile work environment, was subjected to adverse terms, condition and privileges of employment, was wrongfully discharged and was retaliated against by the defendant. Said conduct is in violation of 42 U.S.C. § 1981.

18. As a direct, proximate result of Defendant's aforementioned illegal conduct, Plaintiff has suffered actual compensatory damages, lost wages, loss of future income and fringe benefits, the total sum of which will be specifically pleased when ascertained.

19. Defendant's actions were done willfully and/or with malice and/or with reckless indifference to the federally protected rights of the plaintiff. Punitive damages are appropriate.

## COUNT III

### NEB. REV. STAT. § 20-148

Plaintiff incorporates paragraphs 1 – 19 as if fully set forth herein.

20. Plaintiff was subjected to a racially hostile work environment, was subjected to adverse terms, condition and privilege of employment, was wrongfully discharged and was retaliated against by the defendant. Said conduct is in violation of the Nebraska Fair Employment Practices Act, all state laws referenced herein, including but not limited to Neb.Rev.Stat. § 20-148.

21. As a direct, proximate result of the defendant's aforementioned illegal conduct, Plaintiff has suffered actual compensatory damages, lost wages, loss of future income and fringe benefits, the total sum of which will be specifically pleaded when ascertained.

**WHEREFORE**, Plaintiff respectfully requests that this Court assume jurisdiction herein as to all counts alleged herein and grant the following relief:

a. Declare the conduct of the defendant to be violative of the rights of the Plaintiff under the appropriate federal or state law;

b. Direct the Defendant to reinstate the Plaintiff to the position which he previously held with all back pay, all the job related benefits and job related increments to which he is entitled, including interest thereon, or to find that

reinstatement is not appropriate and to award him front pay according to law and all back pay and benefits associated therewith, including interest thereon;

c. Award the Plaintiff compensatory damages for pain, suffering, humiliation and emotional distress in an amount to be determined by the jury or the court;

d. Award the Plaintiff punitive damages against the defendant in an amount to be determined by the jury or the Court;

e. Enjoin the defendant from any further discrimination against the Plaintiff; and

f. Award the Plaintiff costs and reasonable attorney's fees and such other and further relief as the Court deems just and reasonable and appropriate to correct the wrong done to the Plaintiff.

DERRICK ISAAC, Plaintiff,

By: /s/ Douglas J. Peterson
Douglas J. Peterson #18146
KEATING, O'GARA, NEDVED & PETER, L.L.O.
530 South 13th Street, Suite 100
Lincoln, NE 68508
Phone: 402-475-8230
Fax: 402-475-8328

## **PRAECIPE**

**TO THE CLERK OF THE DISTRICT COURT:**

Please issue the summons, endorsed according to law, for service upon the Defendant for service and return according to law.

The Defendant will be served by United States Certified Mail at the following address with a copy of the attached Petition and Praecipe, namely;

P. Thomas Pogge
One Valmont Plaza
Omaha, NE 68154

Please return the summons' to the attention of Douglas J. Peterson, of Keating, O'Gara, Nedved & Peter, L.L.O., 530 South 13th Street, Suite 100, Lincoln, Nebraska 68508 for forwarding via United States Certified Mail, for service.

Dated this 30th day of September, 2005.

_____
Douglas J. Peterson #18146

IN THE DISTRICT COURT OF

LANCASTER COUNTY, NEBRASKA

| | | |
|---|---|---|
| DERRICK ISSAC, | ) | CASE NO. CI-05-4115 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **NOTICE OF FILING NOTICE** |
| | ) | |
| VALMONT INDUSTRIES, INC., dba | ) | |
| CENTRAL NEBRASKA TUBING, | ) | |
| | ) | |
| Defendant. | | |

TO: DERRICK ISSAC, through his attorney, Douglas J. Peterson, 530 South 13th Street, Suite 100, Lincoln, Nebraska 68508.

Please take notice that on October 26th, 2005, Defendant, Valmont Industries, Inc., dba Central Nebraska Tubing ("Valmont Industries") removed this action from Lancaster County, Nebraska District Court to the United States District Court for the District of Nebraska. A true and correct copy of the Notice of Removal is attached hereto as Exhibit A.

Upon filing a copy of the Notice of Removal with the Clerk of Lancaster County, Nebraska, District Court, Valmont Industries will have effected this removal in accordance with Title 28, Section 1446(d) of the United States Code. Section 1446(d) states that a copy of the Notice of Removal must be filed with the Clerk of the State Court in which the action is currently pending. Upon filing of the copy of the Notice of Removal in State Court, the case is considered removed and State Court should proceed no further unless and until the case is remanded.

Dated this 26th day of October 2005.

VALMONT INDUSTRIES, INC., dba
CENTRAL NEBRASKA TUBING,
Defendant

By: _____
Eric W. Tiritilli, NE #22727

McGrath North Mullin & Kratz, PC LLO
Suite 3700 First National Tower
1601 Dodge Street
Omaha, Nebraska 68102
(402) 341-3070
(402) 341-0216 FAX
etiritilli@mnmk.com



EXHIBIT B

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served on the following listed below by United States mail, postage prepaid, this 26th day of October 2005.

>Douglas J. Peterson
>530 South 13th, Suite 100
>Lincoln, NE 68508

_____
Eric W. Tiritilli

2